1
2
3
4
5
6
7
8                       IN THE UNITED STATES DISTRICT COURT
9                     FOR THE NORTHERN DISTRICT OF CALIFORNIA
10
11  UNITED STATES OF AMERICA,           )
                                        )
12                  Plaintiff,          )   NO. CR 06-00089 MEJ
                                        )
13          v.                          )   ORDER RE: COMMITMENT FOR
                                        )   MENTAL COMPETENCY
14  JAMES MAJOR, A/K/A JAMES MINOR,     )   EXAMINATION.
                                        )
15                  Defendant.          )
                                        )
16

17      On February 14, 2006, this Court conducted a hearing pursuant to 18 U.S.C. 4247(d), at

18  which it found, by the preponderance of the evidence, that the above named defendant is

19  presently suffering from a mental disease or defect rendering him incompetent to stand trial to

20  the extent that he is unable to assist properly in his defense. Accordingly, the Court committed

21  the defendant to the custody of the Attorney General for treatment for a period of time not to

22  exceed four months, in order to determine whether there is a substantial probability that, in the

23  foreseeable future, the defendant will become competent to stand trial.

24      The Court directed the United States Marshal to convey the defendant to the facility

25  selected by the Attorney General for the defendant's treatment and to return him to this Court on

26
No. CR 06-00089 MEJ
Order re: Commitment for Mental
Competency Examination                          1

1 | June 13, 2006.

2 |     The Court excluded the delay from February 14, 2006 to June 13, 2006, pursuant to 18
3 | U.S.C. 3161(h)(1)(A), from Speedy Trial Act calculations as delay resulting from an examination
4 | to determine the mental competence of the defendant.

5 |     The Court signed an order on February 21, 2006, setting forth its finding, the commitment
6 | to the Attorney General, and the transportation directive to the Marshal. The Court's courtroom
7 | deputy placed a copy of the order in the Marshal's mailbox.

8 |     On June 13, 2006, the parties informed the Court that the order was not complied with,
9 | that the defendant never left the district, and that the Marshal required a new order of
10 | commitment to transport the defendant.

11 |     This Court, therefore, commits the defendant to the custody of the Attorney General who
12 | shall hospitalize the defendant for treatment in a suitable facility for a reasonable period of time,
13 | not to exceed four months, to determine whether there is a substantial probability that, in the
14 | foreseeable future, the defendant will attain the capacity to permit a trial to proceed. No
15 | statement made by the defendant during the course of his treatment and examination or in the
16 | competency report shall be used by the government at trial or sentencing unless the defendant
17 | uses the statement or the competency report at trial or sentencing.

18 |     At the conclusion of this period the director of the facility chosen by the Attorney General
19 | for this determination shall file a report with this Court answering the following questions:

20 |     1.    What is the nature of the defendant's mental defect or disease?

21 |     2.    Does the defendant have the ability to understand the nature of the criminal
22 | proceedings?

23 |     3.    Does the defendant have the ability to assist counsel in the conduct of a defense in
24 | a rational manner?

25 |     4.    Is the defendant presently competent to stand trial?

26

No. CR 06-00089 MEJ
Order re: Commitment for Mental
Competency Examination                          2

5. If the defendant is presently incompetent, is there a substantial probability that within an additional period of time he will attain the capacity to permit the trial to proceed?

The United States Marshal shall convey the defendant to the facility selected by the Attorney General for the defendant's treatment and return him to this court for a hearing on October 13, 2006 at 9:30 a.m. unless the director of the facility has commenced commitment proceedings against the defendant pursuant to 18 U.S.C. 4246.

The delay from June 13, 2006 to October 13, 2006 shall, pursuant to 18 U.S.C. 3161(h)(1)(A), be excluded from Speedy Trial calculations as delay resulting from an examination to determine the mental competency of the defendant.

Nothing in this order shall prevent the defendant from seeking a remedy for the delay caused by the failure of this Court's February 21, 2006 order to be executed.

IT IS SO ORDERED.

DATED: 6/16/06

~~THE HONORABLE MARIA-ELENA JAMES~~
UNITED STATES MAGISTRATE JUDGE

Edward M. Chen
United States Magistrate Judge

No. CR 06-00089 MEJ
Order re: Commitment for Mental
Competency Examination                    3